## Ex parte MILLER.

No. A-11942. Nov. 18, 1953.

(263 P. 2d 522.)

Paul Updegraff, Norman, for petitioner.

Hez J. Bussey, County Atty., Norman, Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original action by petition for a writ of habeas corpus brought by Gene Roland Miller. In said petition he alleges that he is being unlawfully restrained of his liberty by Olen Garner, sheriff of Cleveland county, Oklahoma, by reason of his failure to serve out $2 assessed as costs for the Pension and Retirement System for Policemen. Petitioner alleges that said attempted assessment is under and by virtue of the provisions of the legislative act known as Laws of 1941, page 30, § 1, as amended, Laws 1949, page 81, § 4; Laws 1949, page 82, § 1, Title O.S.A. § 542, providing there should be taxed, collected and assessed in every criminal case upon conviction of any violation of a state law, whether the same be a felony or misdemeanor, the sum of $2 for the Pension and Retirement System for Policemen. Provision is made in the act for the payment of this item, when collected, into said fund which is available to be used for the establishment of a Pension and Retirement System for Policemen.

Petitioner alleges that the said act is unconstitutional. A Rule to Show Cause was issued out of this court and the petitioner was released on bond pending

a determination of the issues herein. Response was made by Olen Garner, sheriff of Cleveland county, Oklahoma, by and through his lawful representative, the county attorney of Cleveland county, Oklahoma. In said response it was agreed that the sole question presented is the constitutionality of Title 11 O.S.A. §§ 542, 542a, 542b, 542c. It is further conceded by the county attorney of Cleveland county, Oklahoma, in said response, that the issues herein involved and the principles applicable thereto fall within a prior decision of this court, Ex parte Coffelt, 93 Okla. Cr. 343, 228 P. 2d 199, holding that costs taxed in criminal proceedings must bear a true relation to the expenses of the prosecution. The term costs ordinarily includes only items connected with the actual presentation of testimony and the fees of specified officers. 20 C.J.S., Costs, § 453, p. 694. Such is the situation before us herein. We cannot in truth say that the assessment of $2 sought to be collected herein is a necessary item of cost, incident to the actual presentation of testimony, and the fees of specified officers connected therewith, and §§ 542, 542a, 542b, 542c, 542d, Title 11 O.S. 1951, are invalid. For this reason the writ of habeas corpus is accordingly granted, and the sheriff of Cleveland county directed to release the petitioner.

We regret we are unable to hold otherwise, but the law does not permit us to so hold. However, if the funds thus collected are necessary as a supplement, for the maintenance of the "Police Pension Fund" as provided in Title 11, §§ 541a—541w inclusive, it is the duty of the Legislature to provide an adequate and legal means for raising such funds. The reason is obvious, that under our inadequate salary schedules for police officers, aside from personal integrity, pensions are one of the best inducements for long, honest, and efficient service as a peace officer. Lawful means for providing such funds are available to the Legislature, but encumbering the administration of justice as a tax-gathering agency is not one of them. Our Constitution, art. II, § 6, provides the right of justice shall be administered without sale, denial, delay, or prejudice. Unreasonable costs encumbrances should not be permitted to shackle the feet of justice. We cannot open the door to such in the administration of criminal jurisprudence.

POWELL, P. J., and JONES, J., concur.