CITY OF DUNCAN, Oklahoma, a Municipal Corporation, ex rel. BOARD OF TRUSTEES OF the POLICE PENSION AND RETIREMENT SYSTEM, Plaintiff in Error,

v.

Gordon BARNES, County Treasurer of Stephens County, Oklahoma, Defendant in Error.

No. 36863.

Supreme Court of Oklahoma.

Feb. 7, 1956.

Jerome Sullivan, Duncan, for plaintiff in error.

Clinton D. Dennis, County Atty. of Stephens County, Duncan, for defendant in error.

CORN, Justice.

By legislative enactment statutory authority for establishment and administration of

a Police Pension and Retirement System is extended to every city or town within this state. 11 O.S.1951 § 541 et seq. In 1941 the legislature enacted other statutes directed toward providing costs for the benefits of the system. See 11 O.S.1951 § 542 et seq. Thereunder the legislature provided for the assessment of certain sums as a part of the costs in all criminal cases, upon conviction. Such money was to be collected by the county court clerk and paid over to the county treasurer, who then disbursed such funds to the city treasurer of the cities and towns which had adopted and vitalized a Police Pension and Retirement System.

In 1953 there was a judicial determination that the money sought to be collected for the pension and retirement fund was not an actual item of costs, and sections 542, 542a–542d, inclusive, supra, were held unconstitutional. See Ex parte Miller, 97 Okl.Cr. 351, 263 P.2d 522. Early in the Twenty-Fifth Legislature House Bill No. 680 was enacted, with the emergency clause, and the same became law upon being signed by the Governor, March 11, 1955. S.L. 1955, Chapter 13Aa, p. 118. 11 O.S.Supp. 1955 § 542. This Act. provides:

"Section 1. Unexpended Balances to be Paid to County Treasurer—Transfer to County General Fund. Any unclaimed balance or balances of items of cost assessed under authority of 11 O.S. 1951, Sections 542, 542a, 542b, 542c, 542d, for the Pension and Retirement System for Policemen, remaining in the custody of the Clerk of Courts of Record, or Justice of Peace Courts or other courts not of record, and unclaimed, as of the effective date of this Act shall forthwith be paid over to the County Treasurer; and any unclaimed balance or balances of such items of cost remaining on hand and unclaimed in the custody of any County Treasurer in this State is hereby authorized to be transferred and paid into the General Fund of his county, to be available for any lawful General Fund purpose. Said items of cost having been declared unconstitutional and void by the Criminal Court of Appeals of the State of Oklahoma, and sufficient time having elapsed for any person who submitted to assessment of said items of cost to reclaim the same, said balances are hereby declared to be forfeited and disposed of as in this Act provided.

"Approved the 11th day of March, 1955. Emergency."

March 24, 1955, plaintiff brought this action for writ of mandamus to require defendant to pay over to plaintiff the funds then in his custody. The petition alleged defendant held funds ($2418.50) paid over by the court clerk in compliance with the statute, 11 O.S.1951 § 542; such funds were for the use and benefit of plaintiff's police pension fund, plaintiff having qualified therefor by establishment of such system on December 15, 1954; on that date an oral demand upon defendant to pay over such funds had been refused; on December 22, 1954, plaintiff made written claim to county commissioners, and requested an order directing defendant to disburse these funds, but this request was refused. Further, by virtue of the statutes, supra, it was defendant's duty to disburse such funds to any city or town within the county which qualified therefor by adoption of a pension system; being the only city qualifying therefor the plaintiff was entitled to the entire fund held by defendant. Being without adequate remedy at law plaintiff asked writ of mandamus compelling defendant to comply with his statutory duty by paying over to plaintiff the amount held in custody.

An alternative writ of mandamus issued, notice of application for the writ was served upon defendant, and the matter was set for hearing. At the trial, March 30, 1955, the parties stipulated the matters alleged in the petition were true, except that defendant denied any statutory duty requiring him to pay this money to plaintiff's pension and retirement fund. Upon the stipulation and argument of counsel the trial court entered judgment denying plaintiff's prayer for issuance of a peremptory writ of mandamus and dismissed the action.

Plaintiff predicates the argument for reversal of this judgment upon the theory

that having qualified to receive such funds, and having made demand therefor, prior to the effective date of the statute, supra, relating to disposition of such funds, it necessarily must follow that "unclaimed" funds held by defendant had to be paid over to plaintiff. In an effort to support such contention plaintiff argues that the legislative intent disclosed by the language of the quoted statute, section 542, was that the funds collected (by authority of the statutes which were held unconstitutional) were to be paid into the county general fund only in the event:

1. Such funds remained unclaimed by a qualified municipality.

2. Persons who submitted to such assessment had made no claim therefor.

Following this line of reasoning plaintiff cites and relies upon certain decisions, which announce recognized rules of statutory construction, to the effect that where language of a statute is not ambiguous and the effect not absurb, this court must give such language its plain meaning. Further, if the language be considered ambiguous then this court must consider the statute as a whole to ascertain the legislative intent. While recognizing the soundness of such rules, we are of the opinion they have no application herein, for the reasons hereafter noted.

Plaintiff takes the position that upon establishment of a pension system it automatically qualified to receive the funds in defendant's hands. Such assumption arises out of the argument that section 542, (House Bill 680) was intended to operate prospectively, and cannot be construed as being retroactive so as to deprive plaintiff of the right to the accrued funds. No authority is cited to support the proposition that plaintiff's qualification, under statutes authorizing adoption of a pension system, provided a valid basis for paying out money collected under other statutes declared unconstitutional and void prior to plaintiff's adoption of a pension and retirement system.

The fallacy in plaintiff's argument is apparent. Plaintiff first assumes there was a valid and existing fund which could be paid over upon plaintiff qualifying therefor, despite the fact of a prior judicial determination that funds accrued had been obtained under unconstitutional authority. Ex parte Miller, supra. At all times after the decision in the Miller case, whatever funds then held by officers of the different courts, the court clerk, or the county treasurer were subject to the claim of those individuals who had been required to contribute thereto. The funds in question were held by the designated officers, subject to claim of the individual contributor. At no time within the interim between the decision in Ex parte Miller, supra, and the passage of House Bill 680, 11 O.S.Supp.1955 § 542, were there any funds in defendant's hands, derived from this source, which were subject to being "claimed" by plaintiff for its pension fund.

Neither is there merit to the argument that section 542, (House Bill 680) was intended to operate only prospectively. Clearly, following the adjudication establishing unconstitutionality of the statutes, no funds were derived from the assessment of additional costs. Further, the language of the Act (House Bill 680) clearly reflects the legislative intent to make disposition of money collected under unconstitutional authority. Inasmuch as such funds could not have been collected after declaration of the invalidity of the statutes, it must follow that the legislature intended to deal only with money collected prior to such adjudication and not reclaimed by the persons who submitted to such assessment, and make disposition thereof.

We are of the opinion the trial court properly denied the application for peremptory writ of mandamus.

Judgment affirmed.