Retirement System — Military Service An employee covered by the Oklahoma Public Employees Retirement System may not count his military service toward the required ten years for a vested benefit if he did not return to work with a participating employer within ninety days after his discharge from military service, even though he had applied for a position within ninety days, but no vacancy existed in which he could be placed within that period of time. The Attorney General has had under consideration your recent letter wherein you, in effect, relate the following facts: If a member terminates employment covered by the Oklahoma Public Employees Retirement System before becoming eligible for retirement benefits, but after he has accumulated ten years of credited service, he may elect to receive a vested benefit. Military service is considered creditable service if he were a participating member with the same or another employer immediately before and within 90 days after military service. Some employees of the Oklahoma Military Department, who became members of the Federal Civil Service Retirement System on January 1, 1969, and have elected a vested benefit under the State Retirement System did not return to work with the Oklahoma Military Department or any other participating employer, within ninety days after their respective discharges, subsequent to the Korean Conflict. The Oklahoma Military Department has stated however, that its records disclose that these employees applied for their former positions upon their respective discharges from military service, but in some cases vacancies did not exist and a period of up to one year may have elapsed before they could be re-employed. You then, in effect, ask the following question: May these employees' military service be counted toward the required ten years for a vested benefit if they did not return to work with a participating employer within ninety days after their respective discharges from military service, but had applied for a position within ninety days after discharge and a vacancy did not exist in which they could be placed within that period of time? Title 74 O.S. 901 [74-901] — 74 O.S. 928 [74-928] (1968), relates to the Oklahoma Public Employees Retirement System. Title 74 O.S. 913 [74-913] (1968), provides in pertinent part that: "(1) Prior service shall be credited as follows: "(b) Leaves of absence and military service shall not be counted as breaks in continuous employment; however, military service which is immediately preceded and followed by employment with a participating employer shall be credited. . . . "(2) Participating service shall be credited as follows: "(c) Leaves of absence and military service shall not count as a break in continuous employment provided the member leaves his accumulated contribution on deposit with the fund; however, the period of military service shall be credited. . . ." However, Section 74 O.S. 902 [74-902](23) defines "Military Service" as ". . . Service in the Armed Forces of the United States in time of war or national emergency, which service is immediately preceded by a period of employment with a participating employers and is followed by return to employment as an employee with the same or another participating employer within ninety (90) days immediately following discharge from such military service;" (Emphasis added) Where language of statute is not ambiguous and the effect not absurd, the language must be given its plain meaning. City of Duncan ex rel. Board of Trustees of Police Pension and Retirement System v. Bames, Ok 1., 293 P.2d 590 (1956) Therefore, it is the opinion of the Attorney General that your question should be answered in the negative, in that an employee's military service may not be counted toward the required ten years for a vested benefit if he did not return to work with a participating employer within ninety days after his discharge from military service, even though he had applied for a position within ninety days, but no vacancy existed in which he could be placed within that period of time. (Tim Leonard)