State Employees — Federal Wage Law 1. Under 29 U.S.C.A. 213(b)(18), employees of a college dining hall or cafeteria are exempt from the overtime provisions of the Fair Labor Standards Act as amended in 1966. 2. The Board of Regents of Oklahoma Colleges is prohibited by the Oklahoma Constitution from approving or paying claims for overtime wages accrued from prior fiscal years for employees of the college maintenance department who are paid from appropriated funds. The Attorney General has had under consideration your letter of December 3, 1969, wherein you, in effect, ask the following questions: 1. Are the employees of a college dining hall or cafeteria exempt from the overtime provisions of the Fair Labor Standards Act as amended in 1966? 2. How should the Board of Regents of Oklahoma Colleges proceed with a claim for unpaid overtime wages accrued from prior fiscal years from employees of the college maintenance department who are paid from appropriated funds which are subject to fiscal year limitations? In response to your first question, we direct your attention to the language of the Fair Labor Standards Act as amended in 1966 set forth in 29 U.S.C.A. 203,29 U.S.C.A. 206, 29 U.S.C.A. 207 and 29 U.S.C.A. 213, in the following language: "Section 203. As used in this Act (s) 'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods that have been moved in or produced for commerce by any person, and which, . . . . 4. Is engaged in the operation of . . . an institution of higher education (regardless of whether or not such . . . institution or school is public or private or operated for profit or not for profit). "Section 206(a) Every employer shall pay to each of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates: 1. not less than $ 1.40 per hour during the first year from the effective date of the Fair Labor Standards Amendments of 1966 . . . "Section 207(a)(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. "Section 213. Exemptions. (a) The provisions of sections 206 and 207 of this title shall not apply with respect to: . . . . 2. Any employee employed in any retail or service establishment (except . . . an establishment engaged in the operation of a hospital, institution or school described in Section 203 (s) (4) of this title), . . . b. The provisions of section 207 of this title shall not apply with respect to: . . . . 18. Any employee of a retail or service establishment who is engaged primarily in connection with the preparation or offering of food or beverages for human consumption, either on the premises, or by such services as catering, banquet box lunch, or curb or counter service, to the public, to employees. or to members or guests of members of clubs; . . ." It is clear from the language above set forth that Oklahoma Colleges are included in the language of section 29 U.S.C.A. 203(s)(4) and that therefore their employees are excluded from the exemption from section 206 (minimum wage) and section 207 (overtime) set forth in section 213(a)(2). However, by the clear language of the statute in section 213(b) (18), employees of a college dining hall or cafeteria would be exempt from the provisions of section 207 (overtime): "Where language of statute is not ambiguous and the effect not absurd, the language must be given its plain meaning." City of Duncan ex rel Board of Trustees of Police Pension and Retirement System v. Barnes, Okl. 293 P.2d 590 (1956). In your letter, you state: "A Compliance Officer from the Wage and Hour Division contends that the `retail or service establishment' provision, Section 213(b)(18) is the same as the usage of those words in Section 13(a)(2) `any employee employed by any retail or service establishment (except an establishment . . . engaged in the operation of a hospital, institution or school described in Section 3(s)(4). . .'. The Compliance Officer contends that the statutory language excludes a school from consideration as a `retail or service establishment' under Section 13(a)(2) and 13(b)(18)." In order to follow this line of reasoning, it is necessary to read an exception into section29 U.S.C.A. 213(b)(18) that is not contained in the clear language thereof. It is, therefore, the opinion of the Attorney General that by the terms of29 U.S.C.A. 213(b)(18) employees of a college dining hall or cafeteria are exempt from the overtime provisions of the Fair Labor Standards Act as amended in 1966. In response to your second question, we call your attention to the following: "No money shall ever be paid out of the treasury of this State, nor any of its funds, nor any of the funds under its management, except in pursuance of an appropriation by law . . ." Article V, Section 55 Oklahoma Constitution. "The State shall never create or authorize the creation of any debt or obligation, or fund or pay any deficit, against the State, or any department, institution or agency thereof, regardless of its form or the source of money from which it is to be paid, except as provided in this amendment and in Sections Twenty-four (24) and Twenty-five (25) of the Constitution of the State of Oklahoma." Article X, Section 23 Oklahoma Constitution. The last two exceptions in Article X, Section 23 relate to debts created by the affirmative vote of the people and to debts necessary to repel invasion. The Supreme Court of the State of Oklahoma has held that the sections of the Oklahoma Constitution above quoted constitute an express prohibition against state officials approving claims for a past fiscal year to be paid out of funds for a different fiscal year: "Fiscal year as defined by Article X, Section 1 Const., is the accounting unit in state finances and the monies subject to appropriation consist of current revenue and accumulated surpluses and no appropriation of monies of one fiscal year may be devoted to the payment of obligations of any other fiscal year except such as are designated "non-fiscal year obligations."' Rountree v. Phelps, 200 Ok 1. 528, 197 P.2d 973. It is therefore, the opinion of the Attorney General that the Boards of Regents of Oklahoma Colleges is prohibited by the Oklahoma Constitution from approving or paying claims for overtime wages accrued from prior fiscal years for employees of the college maintenance department who are paid from appropriated funds, and that such claims should therefore be denied. (Robert H. Macy) ** SEE: OPINION NO. 74-230 (1974) **