REQUESTED BY: Dear Senator Stoney:
You have requested the opinion of this office regarding LB 894 which provides for the assessment of a `cost' in the amount of $25.00 against each defendant found guilty of a felony in district court. Said assessment would be deposited in the Crime Victim's Compensation Fund. Specifically, you have posed the following inquires:
 "1. In the case of an indigent defendant proceeding in Forma Pauperis, will LB 894 require that the county pay the $25.00 fee into the Crime Victim's Reparation Fund?"
 "2. If those proceeding in Forma Pauperis are not required to personally pay such costs, could LB 894 be successfully challenged on equal protection grounds as not requiring all those convicted of a felony to pay such costs?"
The county is generally liable for the costs of criminal prosecutions, as it is the duty of the county to pay the expenses of the local administration of justice within the county. Kovarik v. County of Banner, 192 Neb. 816,224 N.W.2d 761 (1975). Sections 25-2301, et seq., R.R.S. 1943, provide that the county shall pay certain fees and costs in proceedings taken in forma pauperis. Sections29-2704 to 2706, R.R.S. 1943, generally provide that the county shall pay the bill of costs in criminal proceedings in district court, however if convicted, said costs shall be collected from the defendant to the extent possible. The county's payment of the costs of criminal prosecutions in the case of indigency does not appear to be subject to attack on equal protection grounds.
The above stated legal principles are premised upon the assumption that the particular assessment at issue constitutes a `cost'. In our opinion, there may be some question regarding whether the assessment described in LB 894 can be categorized as a `cost'. Correspondingly, if the assessment is something other than a cost, such as a fine or penalty, the legal conclusions described above may be inapplicable.
The term `costs', in the context of legal proceedings, has been defined generally as specific allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending an action. 20C.J.S., Cost, § 1, p. 257. Several cases from other jurisdictions have held that the costs imposed in a criminal case must bear some reasonable relation to the expenses actually incurred in the prosecution. People v. Barber,14 Mich. App. 395, 165 N.W.2d 608 (1968); Ex Parte Carson,143 Tex.Crim. 498, 159 S.W.2d 126 (1942); Ex ParteMiller, 97 Okla. Crim. 351, 263 P.2d 522 (1953); Ex ParteCoffelt, 93 Okla. Crim. 343, 228 P.2d 199 (1951); 65 A.L.R.2d 877, § 9; 20 Am.Jur.2d, Cost, § 100, p. 79-80. The legislative label of an assessment as a `cost' cannot preclude or bind a judicial determination. People v. Barber,supra; Decamp v. City of Lincoln, 202 Neb. 727,277 N.W.2d 83 (1979).
In People v. Barber, supra, the court considered the constitutionality of a state statute which mandated an assessment of an additional `cost' in the amount of ten percent of every fine imposed for the violation of a criminal offense. The monies collected pursuant to said provision were deposited in a law enforcement officers training fund. The court concluded that, despite the statutory label, said assessment was not a `cost' since it did not reasonably relate to the expenses incurred in prosecution. Rather the court found that said assessment was a fine and therefore the statute allocating monies collected to the law enforcement training fund violated the constitution of that state which required the application of all fines collected to the support of public libraries.
In Ex Parte Carson, supra, the court held that an assessment, statutorily described as a `cost', charged to a criminal defendant upon conviction which was deposited in a fund for the purpose of establishing and maintaining county law libraries could not logically be considered a proper item of `cost' as it was not necessary or incidental to the trial of a criminal case. Similarly, in Ex Parte Miller,supra, the court held that an assessment charged to every person convicted of a felony or misdemeanor which was deposited in the police pension fund could not be considered a `cost'. Also, in Ex Parte Coffelt, supra, it was held that an assessment charged to persons convicted of a felony or misdemeanor and deposited in a fund to defray salaries and expenses of the pardon and parole office was not a proper item of cost as the same did not bear a true relation to the expenses of prosecution.
In our opinion, it could be argued that the assessment described in LB 894 is of a similar nature to those involved in the above cited cases. In other words, it could be argued that said assessment does not bear a direct relation to actual costs incurred in a criminal prosecution and therefore is not a cost, but rather said charge is in the nature of an additional fine or penalty imposed upon conviction of a felony. If an assessment is punitive in character, rather than remedial or compensatory, such that it can be said to be a pecuniary punishment inflicted for a violation of law, said assessment may fall within the provisions of ArticleVII, section 5 of the Nebraska Constitution, which requires that fines and penalties shall be appropriated exclusively to the use and support of the common schools.
To our knowledge, the Nebraska Supreme Court has not considered the above described issue in a similar context. Until our court has the opportunity to consider such a question, we can only speculate as to the constitutionality of depositing the assessment at issue in the Crime Victim's Compensation Fund. However the judicial decisions from other jurisdictions, as discussed above, appear to indicate that there is some question regarding the validity of the provisions of LB 894.