Larry WILLIAMS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–933.

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1988.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Larry Williams, appellant, was tried by jury and convicted of Second Degree Burglary of an Automobile (21 O.S.1981, § 1435), in Case No. CRF–86–184, in the District Court of Comanche County, the Honorable Jack Brock, District Judge, presiding. The jury set punishment at imprisonment for two (2) years. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

On April 11, 1986, Ms. Donna Erwin drove her blue Oldsmobile to her job at the City National Bank in Lawton, Oklahoma, and parked in the employee parking lot. She closed her car windows and locked the doors before going to work. During the lunch hour, a fellow employee, Richard Garth, sat in his car about three spaces down from Ms. Erwin's car, reading his Bible. Mr. Garth heard a loud noise, turned toward the origin of the noise, and saw a black man rummaging around inside Ms. Erwin's car. Mr. Garth watched the man continuously for about two minutes and then watched him walk to the street corner. Another bank employee, Gary Pollard, walked onto the parking lot, and Mr. Garth asked him if he knew who owned the blue Oldsmobile. Mr. Garth pointed to appellant as the man he saw inside the car. Mr. Pollard said the car belonged to Ms. Erwin, shouted to appellant and ran towards him, followed by Mr. Garth. Appellant ran across the street and down the block for about a block and a half with the two bank employees in pursuit until a police car turned the corner, at which time the police officer ordered appellant to stop by using a loudspeaker in his car. The officer searched appellant for weapons and, at appellant's insistence, searched his backpack. After Ms. Erwin determined that a pair of jeans she had neatly folded on the back seat of her car were rumpled and

about $2.00 in dimes were missing from a tray near the front seat, the officer searched appellant again but only found a few pennies, nickels and two dimes. When appellant ran from the bank employees, he crossed a large lawn and passed a storm sewer and a construction site. The officer searched the grass for the stolen dimes but could not find them.

Appellant testified he attended a class at college that morning and a friend gave him a ride to a used car lot near the bank, where he talked to a salesman about selling one of his old cars. Appellant could not remember the name of the friend or the salesman. He then walked through the bank parking lot and stopped at the street corner. While waiting for a break in the lunch hour traffic so he could cross the street, two white men started yelling and running towards him. Appellant testified he started running across the street out of fear for his safety, and when the police car came around the corner, it nearly hit him. This is contrary to the testimony of three eyewitnesses who testified appellant ran about a block and a half before the police officer stopped him. Appellant denied breaking into Ms. Erwin's car or stealing the money.

■ For his first assignment of error, appellant asserts he was denied equal protection of the law because the prosecutor used a peremptory challenge to excuse the only black venireman from the jury. Appellant does not provide a transcript of voir dire, but does provide a transcript of the *Batson* hearing conducted in chambers:

THE COURT: Let the record reflect that the State on its first challenge excused one Otis Timms, a black person, from the jury, the defendant in this case being black; and the defendant objected under *Batson v. Kentucky.* Is that correct?

MR. COUSINS: Yes, Your Honor. I would further like the record to reflect that he is the only black on the panel of—how many did we bring up?

THE COURT: Approximately twenty-four.

MR. COUSINS: He is the only black on the partial panel brought up for this trial also.

THE COURT: All right. I believe that the State at this time is required to show facts other than race as an excuse or justification for discharging the juror.

MR. BRINKLEY: Your Honor, I discharged Mr. Timms on my peremptory challenge for the reason that he indicated on voir dire he has no prior jury service. For that reason I excused him.

MR. COUSINS: Your Honor, I would argue that's absolutely no justifiable reason for excusing a juror. All jurors have a right to be a juror in a case, and I don't feel that's sufficient to excuse a person under the circumstances of this case.

THE COURT: Under *Batson v. Kentucky* the only reason you cannot excuse a juror is if it's because he is of one race and the defendant is also of that race, to exclude him for that reason alone. The State is not required to keep anyone on the jury merely because he is black. The State has offered an explanation for the excuse, and I do not believe that the defendant has sustained its burden unless you want to make another showing as to that.

MR. COUSINS: I have no evidence to present or anything, Your Honor.

THE COURT: All right.

(End of proceedings in chambers.) (Tr. at 2–3)

Appellant relies primarily on *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in support of his proposition that the prosecutor improperly exercised a peremptory challenge for racial reasons.

The prosecutor exercised a peremptory challenge to exclude the only black man on the venire. Assuming *arguendo* that appellant made a prima facie showing of a *Batson* violation, the prosecutor came forward with a neutral explanation, which the trial court found sufficient in the absence of additional evidence. Because the trial court's findings turn largely "on evaluation of credibility, a reviewing court ordinarily should give those findings great defer-

986

ence." *Batson,* at 98 n. 21, 106 S.Ct. at 1724 n. 21.

Appellant's bald allegation that the prosecutor's explanation was a sham is insufficient to warrant reversal in the absence of support in the record. Appellant has the burden of providing a sufficient record for review of his claims. *Guthrie v. State,* 679 P.2d 278, 280 (Okla.Crim.App.1984). Here, no record was made of voir dire. Appellant has failed to demonstrate that the trial court abused its discretion in ruling that appellant did not establish purposeful discrimination. This assignment of error is without merit.

For his second assignment of error, appellant asserts his conviction is not supported by the evidence or the law. Appellant argues that (1) the State failed to prove the element of breaking and (2) the stolen dimes were not found on his person.

The critical inquiry is whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). We adopted the *Jackson* test in *Spuehler v. State,* 709 P.2d 202, 203–04 (Okla.Crim.App.1985).

The elements of second degree burglary of an automobile are: (1) breaking; (2) entering; (3) an automobile; (4) of another; (5) in which property is kept; (6) with intent to steal or commit any felony. 21 O.S.1981, § 1435. *See also* OUJI–CR 512.

The breaking necessary to constitute burglary may be any act of physical force, however slight, by which obstructions to entering an automobile are removed. *See Lewis v. State,* 732 P.2d 1, 2 (Okla.Crim.App.1987). Opening a closed door of an automobile is sufficient to constitute a breaking. *Garruba v. State,* 473 P.2d 317, 320 (Okla.Crim.App.1970). Breaking and entering an automobile with intent to steal, regardless of the value of the property sought to be taken, is burglary. *Id.* Evidence that property is stolen after a breaking and entering is admissible to prove that intent to steal existed at the time of the entry, but it is well settled that an actual stealing is not an element of the crime of burglary. *Lyons v. State,* 516 P.2d 283, 285 (Okla.Crim.App.1973).

In the instant case, the evidence adduced at trial established that appellant entered this automobile by opening a passenger door, which proved the elements of breaking and entering. Twenty dimes were taken, which proved the element of intent to steal, notwithstanding the fact that appellant did not have the dimes on his person at the time he was searched. Viewing the record evidence in the light most favorable to the State, we find a rational trier of fact could have found appellant guilty of second degree burglary of an automobile beyond a reasonable doubt. This assignment of error is without merit.

For his final assignment, appellant argues his sentence should be modified to exclude the imposition of court costs and payment to the victims compensation fund, relying on *Gee v. State,* 538 P.2d 1102, 1109 (Okla.Crim.App.1975); and *Hildebrant v. State,* 507 P.2d 1323, 1327 (Okla.Crim.App. 1973). The imposition of court costs and payment to the victims compensation fund are authorized by statute and the fines imposed were within the statutory guidelines. Thus, the trial court was not unduly punishing appellant but merely following the dictates of the statute. *Armstrong v. State,* 742 P.2d 565, 567 (Okla.Crim.App. 1987). The fines were imposed to be paid within six months after appellant's release from prison. While appellant is presently indigent, this Court has no way of knowing his financial status at the time the fines are due to be paid. Therefore, the issue is prematurely raised. *Id.*

For the foregoing reasons, appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BUSSEY, J., concurs.

BRETT, P.J., concurs in results.