**STATE of Oklahoma, Appellant,**

v.

**Steve G. BALLARD, Appellee.**

**No. S–91–769.**

Court of Criminal Appeals of Oklahoma.

Feb. 8, 1994.

John P. Zelbst, Lawton, at trial, and on appeal, for appellant.

Robert Schulte, Dist. Atty., Lawton, at trial, Neil Whittington, Asst. Dist. Atty., Lawton, on appeal, for the State.

## OPINION

LUMPKIN, Presiding Judge:

Appellant, the State of Oklahoma, appeals to this Court on a reserved question of law arising out of a pronouncement by the trial court of Comanche County that 63 O.S.Supp. 1990, § 2–503.2 is unconstitutional.[1] Appeal is allowable under 22 O.S.Supp.1990, § 1053 and 22 O.S.1981, § 1053.1. We reverse the judgment of the district court, and hold that the complained-of statute is constitutional.

Steve Ballard was charged with and pled guilty to four drug-related counts in the district court of Comanche County, case No. CRF–90–12. At sentencing, Appellee's attorney argued 63 O.S.Supp.1990, § 2–503.2 was unconstitutional. He did not file a brief arguing the unconstitutionality of the statute, nor did the prosecution file a brief defending the statute's constitutionality or argue for the statute at the sentencing hearing. The trial court did not issue a written order other than a notation in Appellee's judgment and sentence that the section was unconstitutional. However, based on the transcript of the sentencing hearing, we conclude Appellee advanced the following arguments during the hearing: the assessment is punitive in na-

ture; it violates equal protection, because an indigent person may not be able to pay the assessment when it is due, and because the assessment is borne only by those convicted of drug-related crimes; there is no rational relationship between the assessment and the services rendered by the Department of Mental Health; and there are no guidelines a sentencing court can follow to determine the amount an individual defendant must pay.[2]

We begin with the classic rule of statutory construction, that

[e]very presumption must be indulged in favor of the constitutionality of an act of the Legislature, and it is the duty of the courts, whenever possible, to harmonize acts of the Legislature with the Constitution. *Ex Parte Hunnicutt,* 7 Okla.Crim. 213, 123 P. 179, 183 (1912). Where a statute is subject to two constructions, one conforming to and the other contravening the Constitution, that construction which conforms to the Constitution must be adopted. *Id. See also State v. Koo,* 647 P.2d 889 (Okl.Cr.1982), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602; *Black v. Ball Janitorial Services, Inc.,* 730 P.2d 510 (Okl.1986).

*State v. Hunter,* 787 P.2d 864, 865 (Okl.Cr. 1990). With that presumption in mind, we turn to Appellee's arguments at trial, beginning with the equal protection argument that defendants convicted of drug-related crimes are unfairly saddled with an additional expense not imposed on defendants convicted of other crimes.

---

1. That statute reads: "Every person convicted of a violation of the Uniform Controlled Dangerous Substance Act, Section 2–101 et seq. of this title, must be assessed for each offense a sum of not less than Five Hundred Dollars ($500.00) nor more than Three Thousand Dollars ($3,000.00). The assessment is in addition to and not in lieu of any fines, restitution costs, other assessments, or forfeitures authorized or required by law." Subsection B provides the assessment must be collected in the same way as other fees and costs, and the money must be forwarded to the Department of Mental Health and Substance Abuse Services for deposit in the Drug Abuse Education and Treatment Fund, to be used only for drug abuse education, prevention and treatment services.

2. Appellee did not respond on appeal in the same manner he argued at the hearing. Rather, his response consists entirely of a portion of a written opinion by a district judge in another county declaring unconstitutional not only § 2–503.2, but also the Victim's Compensation Assessment, the C.L.E.E.T. fee and the "fingerprinting" fee. That order was also appealed, and is being considered by this Court under the style *State of Oklahoma v. Sharon Claborn,* S–92–164, an appeal from the district court of Johnston County. We will address only the issues presented in the case *sub judice,* realizing that some of the issues in the two cases may have common ground.

▇ When equal protection is advanced contesting a statute's constitutionality, this Court analyzes the statute to determine if it impermissibly interferes with the exercise of a fundamental right or operates to the disadvantage of a suspect classification. *State v. Pratt*, 816 P.2d 1149, 1152 (Okl.Cr.1991) (citing *Swart v. State*, 720 P.2d 1265, 1268 (Okl. Cr.1986)). If a suspect classification is involved, our analysis of the statute requires strict scrutiny; if not, there need be only a "rational relationship" to a legitimate state interest. *Id.* No party has cited, and this Court is unable to find, any authority showing a person convicted of a crime, without more, is in a suspect classification.[3] Thus, our inquiry is limited to whether there is a rational basis for the Legislature's imposition of the assessment. We hold there is.

▇ Subsection (B) of § 2–503.2 directs money collected pursuant to the statute must go to a special fund administered by the Department of Mental Health and Substance Abuse Services; and the money may be used only for "drug abuse education, prevention and treatment services." We see a rational relationship between imposing an additional assessment on those convicted of drug-related crimes and use of that money to go towards educating and helping others who may have or are likely to become involved with controlled dangerous substances. In addition, it is only fair that those who help create the problem should bear some of the costs of trying to alleviate it in themselves or others. We reject this equal protection argument, and use the same rationale to reject the argument there is no rational basis for the assessment.

▇ Concerning the other equal protection argument, that imposition of the assessment unfairly discriminates against indigent defendants, this Court is able, as we stated in *Hunter*, 787 P.2d at 865, to interpret the statute in a way that eliminates this discrimination. The legislature enacted section 101 of title 28 which provides, among other things that "all costs in the prosecution of all criminal actions" shall be adjudged as part of the penalty of the offense which a defendant is obligated to pay. The legislature defined the language "all costs in the prosecution of all criminal actions" to include "court clerk's costs and fees authorized by statute," 28 O.S.1981 § 101, and we believe the assessment complained of here falls into the category of "fees authorized by statute."

The Legislature also inserted a provision in the statute providing that if a defendant "is without means" to pay the fine, fees or costs, these fines, fees or costs shall be entered on the judgment docket, putting the court in the same position as any other judgment creditor. *Id.* It is this provision— providing for penalties for a willful refusal to pay, but providing for alternate remedies if a defendant is unable to pay—that enables the assessment to withstand a constitutional challenge by an indigent on equal protection grounds. If a defendant cannot pay the assessment because he is without means to do so, he is not thrown into prison or otherwise punished. Section 101 of title 28, read in connection with the assessment, places the defendant in the same position as any other judgment debtor. In addition, Rule VIII, Rules of the Court of Criminal Appeals, provide the procedure to be followed if a person is unable to pay. *See also* 22 O.S.1991, § 983.[4] He is therefore not singled out for unequal treatment based on his indigency.

We are aware this Court in earlier pronouncements held similar assessment provisions unconstitutional because they denied indigent defendants equal access to the courts under Art. II, § 6 of the Oklahoma Constitution. *See Ex Parte Miller*, 97 Okl. Cr. 351, 263 P.2d 522, 523 (1954); *Ex Parte*

---

**3.** A suspect classification is defined as one "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or regulated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 28, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16 (1973).

**4.** We are not required here to determine whether reconciliation, if any, of these statutes is necessary. It is sufficient to state at this juncture the Legislature has taken remedial action to address the concern raised in *Coffelt* concerning denial of access to the courts.

*Coffelt,* 93 Okl.Cr. 343, 228 P.2d 199, 202–03 (1951). However, we note 28 O.S. § 101 at the time of these holdings did not make provisions for an indigent defendant who did not have the money to pay. *See* 28 O.S.1951, § 101. We believe in light of the statutory changes discussed above, those cases effectively have been overruled, and we explicitly do so here to the extent they conflict with the analysis set forth above.[5]

In light of our interpretation of the assessment fee in connection with 28 O.S.1981, § 101, the question concerning whether the assessment should be considered a punishment becomes moot; it is defined as such upon conviction.

■ Likewise there is no merit to the contention the provision is unconstitutional because there are no guidelines to aid the court in determining how much to assess a given defendant. There is a range of not less than $500.00 nor more than $3,000.00. The Legislature has not set forth criteria to be considered in determining the assessment. We presume there is regularity in a trial court's proceedings, *Huntley v. State,* 750 P.2d 1134, 1136 (Okl.Cr.1988); *Tuggle v. Page,* 427 P.2d 439, 441 (Okl.Cr.1967); and will consider this, as we do complaints about other assessments, on an individual basis should the complaint be raised on appeal. *See e.g., Williams v. State,* 762 P.2d 983, 986 (Okl.Cr.1988); *Moore v. State,* 761 P.2d 866, 877 (Okl.Cr.1988) (dealing with amount of victim's compensation assessment).[6] A defendant gets individualized attention during sentencing, and during appeal. Individualized attention is not diluted because there are no guidelines for the fee assessment by the trial court.

■ Implicit in Appellee's discretion argument to the district court is the other side of the coin: the Legislature, in enacting these assessments and removing the court's discretion to impose the assessment, violated the separation of powers doctrine found at Art. IV, § 1 of the Oklahoma Constitution. We disagree.

We begin with the observation that distinctions between the branches of government are not always crystal clear. Despite this blending, and even if the power might be better exercised elsewhere, there is no constitutional violation if the court is exercising the questioned practice merely incidentally to its general duties and mission. *Tweedy v. Oklahoma Bar Association,* 624 P.2d 1049, 1053 (Okl.1981); *State v. Juvenile Division, Tulsa County District Court,* 560 P.2d 974, 975 (Okl.Cr.1977). The problem would arise if the Legislature should involve itself in matters which are exclusively the province of the Judicial branch. *Spitznas v. State,* 648 P.2d 1271, 1274 (Okl.Cr.1982).

Here, the Legislature has dictated the imposition of an assessment in addition to other fines and costs that may be imposed on a defendant convicted of a criminal act. The imposition of the assessment is not central to the function of the courts of this state: it has no bearing on a determination whether the defendant is guilty or innocent; the amount of time the defendant should be imprisoned within the statutory guidelines, or whether the court exercises discretion in granting probation; how much fine he is to pay; or any other issue central to the administration of criminal justice in this state. It is clearly incidental to the primary function of the trial court sitting in a criminal matter. Since it is clearly incidental, and does not otherwise

---

**5.** We are dealing here with the fee in the limited posture of access to the courts. We make our determination based on the record before us, and subsequent statutory enactments which alleviated that portion of this Court's earlier concern. However, we do not preclude the possibility future fees could violate Constitutional concerns dealing with separation of powers. *See* footnote 7, *infra.*

**6.** We note the statute assessing a victim's compensation fee provides guidelines to determine the amount a defendant must pay: the severity of the crime; the prior criminal record; the ability

of the defendant to pay; the economic impact of the assessment on the defendant's dependents. *See* 21 O.S.Supp.1990, § 142.18. While we note the Legislature did not provide a trial court with these factors in determining an assessment in the statute *sub judice,* and therefore refuse to force the same guidelines on a trial court here, we note the trial court will most probably be imposing both assessments at the same time, and see nothing improper about using similar factors in determining the assessment under 63 O.S.Supp. 1990, § 2–503.2.

interfere with the primary function of the Judicial branch of government, there is no unconstitutional violation of separation of powers by its imposition.[7]

The judgment of the trial court declaring 63 O.S.Supp.1990, § 2–503.2 unconstitutional is therefore REVERSED. The cause is RE-MANDED for further proceedings not inconsistent with this opinion.

JOHNSON, V.P.J., and LANE, CHAPEL and STRUBHAR, JJ., concur.

---

7. We feel compelled to insert this caveat: the separation-of-powers discussion is limited in scope to the issues presented on appeal. While we do not find an evidentiary basis to make such a declaration at this juncture, we do not preclude the possibility future enactments may be unconstitutional. Judge Brett's dicta in *Coffelt* exploring the possibility the Legislative branch is abdicating its constitutional responsibility by designating the Judicial branch as a tax-gathering agency is well taken; and we recognize further imposition of collecting additional fees could at some point place such a burden on the court system that, when taken as a whole, they consti-

tute an onerous burden which unconstitutionally interferes with the district court as it seeks to perform its central function of disposing of all justiciable matters and holding trials to determine the guilt or innocence of the defendant before it. *See* Okla. Const. art. 7, § 7; 20 O.S. 1991, §§ 91.1–91.2. Therefore, while the fee discussed here may not be sufficient to warrant a constitutionally based remedy, we do not eliminate the possibility, upon a proper evidentiary showing, this Court will be forced to revisit this holding should the Legislature seek to impose additional fees in the future.