Eugene Allen **GRIFFIN**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16991.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1971.

Rehearing Denied Dec. 10, 1971.

Robert O. Swimmer, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Eugene Allen Griffin, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Uttering a Forged Instrument. His punishment was fixed at three (3) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Jesse Adams testified that he was a part-time employee in the Men's Department of the John A. Brown Store in Penn Square. At approximately 5:00 o'clock p. m., on February 6, 1971, the defendant picked out two sweater shirts and two pairs of slacks. The defendant tendered payment for the merchandise, State's Exhibit One, a check for one hundred dollars ($100.00) plus one dollar ($1.00) and some odd cents. The defendant was asked for identification, whereupon he produced some type of oil company credit card. The clerk stated that he could not accept that identification and directed the defendant to take the check upstairs to the cashier.

Elva Scott testified that she was employed in the credit office of the John A. Brown Store. She testified that about 5:30 p. m. on the day in question, the defendant brought State's Exhibit One to the credit office. He stated that he wanted to get an OK on it for a coat he had selected downstairs. His mother had signed the check and sent him in to purchase the coat. He presented an oil company service card for identification purposes. He was asked if he had other identification, and defendant stated that he had applied for a driver's license, but had not received it. She went to a back office and called the purported maker of the check, Mrs. Newman. After having a conversation with Mrs. Newman, she called the credit manager. The defendant wandered off before the security officer arrived.

Grace Newman testified that on February 5, 1971, someone stole her purse while she was shopping at a Humpty Dumpty Store. She testified that her purse contained blank checks like State's Exhibit One and a credit card like State's Exhibit Two. She testified that she did not see the face of the person that took her purse. She testified that the signature on State's Exhibit One was not her signature, nor did she authorize anyone else to sign her name to that check.

Coley Newman testified that State's Exhibit Two was a duplicate of a credit card which he received from an oil company. He had given the credit card to his mother.

Wilson Flurry testified that he was employed as a security officer at the John A. Brown Store. He testified that on the afternoon in question, he first observed the defendant leaving the credit office on the second floor. He testified that he had a short conversation with Mrs. Scott and that she gave him the check and an identification card. He testified that he and Mr. Nichols followed the defendant down the escalator, and the defendant attempted to leave the store. Nichols hollered for the boy on the south door to lock the doors so the defendant could not get out. Flurry gave the check to Mr. Nichols, whereupon the defendant attempted to grab the check from Nichols' hand. The defendant stated, "He was going to kick the glass out and

get out." The defendant was restrained until the scout car officers arrived.

William Nichols testified that he was the general manager of the Brown Store. His testimony was substantially the same as that of Officer Flurry.

Officer Martin testified that he answered the call to the Brown Store. He testified that he advised the defendant of his Miranda rights, whereupon the defendant stated his name was James Smith.

For the defense, Ona Fay Boston testified that she and the defendant, her fiancee, went to the Brown Store at Penn Square. The defendant had eighty dollars ($80.00) in cash and wanted to buy some school clothes. She testified that the defendant was at her side at all times in the store, and that he did not attempt to cash a check. On cross examination, she testified that she did go to the second floor with the defendant, but the defendant did not go into the credit office. She testified that as they were leaving the store, someone grabbed him and that she just "went on." (Tr. 71).

Donnie Jackson testified that he was in the Brown Store on the afternoon in question. He testified that a young colored guy, who was not the defendant, walked up to him carrying a check and asked where the credit department was located. Sometime thereafter, he observed someone grab the boy with the check and the defendant.

■ The first proposition asserts that prejudicial and inflammatory evidence was introduced without proper foundation. We have carefully examined the entire Record and are of the opinion that the defendant's assertion is not supported by the Record. The defendant argues that the trial court permitted evidence of another crime by allowing the witness Newman to testify concerning the theft of her purse. We are of the opinion that the loss of the checks was a fact that had a direct and clear relationship to the crime of Utter-

ing a Forged Instrument. In Harris v. State, Okl.Cr., 450 P.2d 857 (1969), we stated:

"If evidence is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime."

We, therefore, find this proposition to be without merit.

■ The final proposition contends that the court erred in allowing prosecution to endorse additional witnesses at the time of trial without affording defendant a continuance. The Record reflects that after the jury was selected and the information read, the assistant district attorney requested that Coley Newman be endorsed as a witness. The defendant requested a continuance which was denied. We have previously held that the trial court may, in the exercise of judicial discretion, permit the name of the additional witness endorsed at the time the trial begins, or even after the trial has commenced. However, if such additional witness will require defendant to produce additional evidence, testimony, or other rebuttal witnesses, he is entitled to a continuance of sufficient time to allow such required rebuttal preparation. Grant v. State, Okl.Cr., 385 P.2d 925 (1963). In examining the testimony of the witness Coley Newman, we observe he simply identified the State's Exhibit Number Two, the credit card, as being the same that he had given to ihs mother. We observe that his mother had previously testified to the same facts. This cumulative testimony would not require the defendant to produce additional evidence, testimony, or other rebuttal witnesses. We, therefore, find this proposition to be without merit.

In conclusion, we observe the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT, J., concurs.