Marvin JONES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–496.

Court of Criminal Appeals of Oklahoma.

June 12, 1984.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

Marvin Jones, the appellant, was convicted in the District Court of Oklahoma County, Case No. CRF–82–2684, of one count of First Degree Rape, for which he was sentenced to a term of fifty (50) years in prison, and one count of Oral Sodomy, for which he was sentenced to a term of ten (10) years in prison. Said sentences were ordered to run consecutively. The appellant was also ordered to pay one thousand five hundred dollars ($1,500) into the victim's compensation fund. From said judgments and sentences, he appeals.

The State's evidence showed that on the evening of May 30, 1982, Ms. N.M., the prosecutrix, was enroute in her automobile to a fast food store with her two young daughters when she was run off the road by a blue Cadillac. A man the prosecutrix identified at trial then opened her car door, grabbed her arm, choked her, and then forced her towards the Cadillac. Fearing for her life, Ms. N.M. got into the car accompanied by her two daughters.

The appellant drove his vehicle down a gravel road to a secluded spot. After threatening the prosecutrix several times, he then forced her to commit an act of oral sodomy. The appellant then took her out onto the road, where he raped her.

The appellant, testifying on his behalf, admitted having sexual relations with the prosecutrix on the night in question, but claimed she consented to performing the acts.

■ In his first assignment of error, the appellant argues that the late endorsement of two State's witnesses deprived him of an opportunity to prepare a defense. We note

here that this endorsement took place one month before trial. We therefore find there was more than ample time to prepare for the testimony of these witnesses. *Griffin v. State*, 490 P.2d 1387 (Okl.Cr.1971). This assignment of error is without merit.

 In his second assignment of error, the appellant claims that there was insufficient evidence the prosecutrix submitted to the rape due to threats of immediate and great bodily harm. In Oklahoma, a woman threatened with rape is not required to resist to the uttermost; instead, she is not required to do more than her age, strength, and the surrounding circumstances make reasonable. *Haury v. State*, 533 P.2d 991 (Okl.Cr.1975). In light of the facts of this case, as recited above, we find that there was more than ample evidence to establish that the prosecutrix submitted due to the threats of great bodily harm.

 The appellant complains in his third assignment of error that his punishment was excessive. As the sentences were well within the framework established by law, we cannot say that the punishment is excessive. *Kiser v. State*, 541 P.2d 208 (Okl. Cr.1975), and cases cited therein.

 The appellant also contends that the trial court abused its discretion by ignoring the pre-sentence investigation, which recommended that his sentence be suspended in part. In that the record discloses nothing amounting to such an abuse, we find this assignment of error to be without merit. See, *Howell v. State*, 632 P.2d 1223 (Okl.Cr.1981), and cases cited therein.

 The appellant argues next that the assessment to the victim's compensation fund is excessive in that he is indigent. In that the assessment is not due until the appellant is released from custody, this issue is prematurely raised. See, 21 O.S. 1981, §§ 142.1 et seq.

 Finally, the appellant argues that he was denied due process of law by the trial court's failure to insure that all proceedings were stenographically recorded. The record establishes, however, that no request for recordation was made. Any error is therefore waived. *Cook v. State*, 650 P.2d 863 (Okl.Cr.1982). This assignment of error is without merit.

The judgments and sentences appealed from are AFFIRMED.

PARKS and BRETT, JJ., concur.