Andre Lavon ARMSTRONG, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–848.

Court of Criminal Appeals of Oklahoma.

Aug. 23, 1987.

As Corrected Sept. 22, 1987.

Gloyd L. McCoy, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Andre Lavon Armstrong, appellant, was tried by jury and convicted of Second Degree Burglary, After Former Conviction of Two or More Felonies, in violation of 21 O.S.1981, § 1435, and 21 O.S.1981, § 51(B), in Case No. CRF–84–943, in the District Court of Oklahoma County, before the Honorable William R. Saied. The jury set punishment at twenty (20) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

During the evening or early morning hours of August 24–25, 1983, the offices of BMD, Inc., were broken into and entry was gained by twisting off the new lock on the front door. When the Credit Manager arrived to open the office on the morning of the 25th, he discovered the break-in and saw that the office had been ransacked. Papers were strewn on the floor and locked desks had been pried open. The cash drawer, which was stored overnight in the credit manager's office, was found some twenty-five feet away near the general manager's office. The cash box had also been pried open. When the police investigator dusted the cash box for fingerprints, he lifted a latent left thumb print from inside the metal cash drawer. The thumb print was positively identified by a fingerprint expert as the appellant's. Missing from the theft was $300 in cash, some $50 to $75 in coins, tools and the company truck. The truck was found minus the battery four weeks later.

■ For his first assignment of error, the appellant asserts that the State failed to present sufficient evidence to prove the appellant committed the burglary because the only evidence presented by the State linking him to the burglary was the thumb print found inside the cash drawer. The appellant does not challenge the sufficiency of the evidence to prove the elements of second degree burglary, but only whether the physical evidence found at the scene of the crime, i.e., his thumb print, was sufficient for conviction. The appellant relies on *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in support of his assignment of error. We adopted the *Jackson* test, that due process requires a reviewing court to examine the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt, in *Spuehler v. State*, 709 P.2d 202, 203–04 (Okl.Cr.1985).

The appellant testified at trial that he "may" have touched the cash box during a previous visit some three weeks earlier when he applied for a job. However, the credit manager testified that he had never seen the appellant before seeing him in court, and the police fingerprint expert testified that the fingerprint found inside the cash drawer was fresh because of the amount of powder it picked up, indicating the print was still moist and newly made. The thumb print was physical evidence placing the appellant on the premises. We have long recognized the validity of fingerprint identification, *Campbell v. State*, 493 P.2d 1126, 1128 (Okl.Cr.1972), and fingerprint evidence is sufficient to support a conviction for second degree burglary. *Williams v. State*, 507 P.2d 938, 939–40 (Okl.Cr.1973). The fingerprint was also circumstantial evidence that the appellant committed the burglary. A criminal case may be proven by circumstantial evidence

and any reasonable inference drawn from that evidence has the same probative value as direct testimony. *Dodson v. State*, 674 P.2d 57, 58 (Okl.Cr.1984). It was for the jury to weigh the evidence, including the credibility of the appellant's testimony, to determine whether the thumb print found inside the cash drawer was left during the job interview or during the burglary. The jury found the thumb print was left during the burglary and convicted the appellant. We will not interfere with the jury's verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn from the evidence presented at trial, since it is the exclusive province of the jury to weigh the evidence and determine the facts. *Renfro v. State*, 607 P.2d 703, 705 (Okl.Cr.1980). We find that, viewing all the evidence in a light most favorable to the State, a rational trier of fact could have found the evidence established the appellant's guilt of second degree burglary beyond a reasonable doubt. This assignment of error is without merit.

For his second and final assignment of error, the appellant asserts that his sentence should be modified in the interests of justice to exclude the imposition of court costs and assessment to the victims compensation fund because he is an indigent. The appellant relies on *Gee v. State*, 538 P.2d 1102, 1109 (Okl.Cr.1975) and *Hildebrandt v. State*, 507 P.2d 1323, 1327 (Okl. Cr.1973). We observe initially that the imposition of court costs of $133.60 was in accordance with 28 O.S.1981, § 101. Imposition of the victims compensation assessment of $50.00 was in accordance with 21 O.S.Supp.1984, § 142.18(B). The fines were well within the statutory limits. Thus, the trial court was not unduly punishing the appellant but merely following the dictates of the statutes. *Vigil v. State*, 666 P.2d 1293, 1294 (Okl.Cr.1983). Second, the fines were imposed to be paid within six months after release from the penitentiary. While the appellant may presently be an indigent, this Court has no way of knowing his financial status at the time the fines are due to be paid. This issue is prematurely raised. *Jones v. State*, 682 P.2d 757, 759 (Okl.Cr.1984). This assignment of error is, therefore, without merit.

BRETT, P.J., and BUSSEY, J., concur.