**Larry Gene McDONALD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-85-403.**

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1988.

Patti Palmer, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Larry Gene McDonald, was tried by jury for the crime of Second Degree Murder in violation of 21 O.S.1981, § 701.8 in Case No. CRF–84–392 in the District Court of Tulsa County. The jury

returned a verdict of guilty and assessed punishment at thirteen (13) years' imprisonment. The trial court sentenced appellant in accordance with the jury's verdict. From this Judgment and Sentence, appellant appeals to this Court.

On January 3, 1984, appellant entered the Nickelodeon Lounge at approximately 12:30 a.m. Appellant came into the club after previously being barred therefrom by the club's manager. He ordered a drink from the bar and was refused service. After exchanging words with the manager, he proceeded to seat himself at one end of the bar.

The deceased, James Fuller, apparently walked behind appellant to place quarters upon a pool table to challenge the game. According to appellant's testimony, he felt that Mr. Fuller had been "sneaking up" behind him, and he asked Mr. Fuller if he "wanted a piece" of him. Both men then walked across the club in the direction of the door. Upon reaching the door, appellant stabbed Mr. Fuller three times in the chest area and ran outside the club. He held the door closed from the outside to prevent any of the club patrons from following. He opened the door once to permit his friend, David Latta, to come outside. Mr. Latta held the door closed while appellant drove away in his car. Appellant testified at trial that he stabbed Mr. Fuller in self-defense.

In his first assignment of error, appellant asserts that his conviction must be reversed and remanded for a new trial, because the trial court failed to instruct on the lesser-included offense of first-degree misdemeanor/manslaughter. Appellant contends this instruction was warranted because he was committing the misdemeanor of carrying a weapon into an establishment in which beer and intoxicating liquor are consumed (21 O.S.1981, § 1272.1) when the homicide occurred. We disagree.

▌ The crime of carrying a weapon into an establishment in which beer and intoxicating liquor are consumed is a felony, not a misdemeanor. *Wilson v. State*, 649 P.2d 784, 786 (Okl.Cr.1982); *see also* 21 O.S.1981, § 1272.2. Thus, the trial court's refusal to instruct on first-degree misdemeanor/manslaughter was correct. Accordingly, this assignment of error is denied.

▌ Appellant next suggests that the trial court erred in delivering to the jury, over objection, an instruction on flight. The evidence presented at trial clearly shows that the appellant quickly exited the tavern and drove away in his car just moments after he stabbed Mr. Fuller. Appellant testified that after the stabbing, when his friend Mr. Latta was holding the tavern door to prevent the others from following, he "ran, jumped in [his] car and took off." (Tr. 236) Appellant offered no explanation of his departure from the scene.

When evidence relevant to flight of a defendant is admitted, a question of fact exists and the jury determines whether the departure of the defendant was evidence of guilt. *Voran v. State*, 536 P.2d 1322, 1325 (Okl.Cr.1975). When such an issue is raised, as in the instant case, a proper instruction on flight should be given to the jury. Here, the instruction administered by the trial court was identical to OUJI–CR–806 (1981) and properly stated the applicable law. *Wilson v. State*, 96 Okl.Cr. 137, 250 P.2d 72, 76 (1952); *Webb v. State*, 732 P.2d 478, 480 (Okl.Cr.1987). Appellant's contention that the instruction was improper because it did not include the optional third paragraph provided in OUJI–CR–806 is unfounded: appellant failed to offer evidence explaining his departure from the scene of the crime, and therefore this paragraph was unwarranted. This assignment of error is denied.

▌ In his third assignment of error, appellant asserts that the trial court's instructions with regard to the defense of self-defense were confusing and improper. Appellant neither objected to these instructions, nor submitted ones of his own. Thus, we will review them for fundamental error only. *Aumiller v. State*, 720 P.2d 347, 348 (Okl.Cr.1986).

The self-defense instructions issued by the trial court consisted of Oklahoma Uniform Jury Instructions, Criminal, numbers

742, 743, 745, 748, 749, the last sentence of number 744, as modified, and a modified version of number 746. Appellant argues that it was error for the trial court to fail to issue an instruction in compliance with OUJI–CR–747, which deals with reestablishing an aggressor's right to use self-defense. In addition, he complains that it was error for the court to omit the language in OUJI–CR–746 which also pertained to reestablishing the right to use self-defense. After reviewing the trial transcript and studying the instructions as a whole, we conclude that the trial court issued full and proper instructions covering appellant's theory of self-defense.

The relevant portion of instruction number thirteen reads as follows:

Self-defense is permitted as a defense solely because of necessity. It is given to the citizen for his protection and it cannot be used by one who, himself, is the aggressor, no matter how great the danger became during the altercation. The use of words alone cannot make a person an aggressor.

The analogous provision in the uniform instructions states:

Self-defense is permitted a person solely because of necessity. Self-defense is not available to a person who [was the aggressor], no matter how great the danger to personal security became during the altercation *unless the right of self-defense is reestablished.*

OUJI–CR–746 (1981) (emphasis added). The trial court thus deleted or omitted from the jury's consideration any instruction regarding an aggressor's right of self-defense after a withdrawal or attempted withdrawal from an altercation which he may have provoked.

At trial, conflicting evidence was presented as to whether the appellant or Mr. Fuller was the aggressor in the altercation that led to Fuller's death. Appellant, as well as a witness he presented on his behalf, testified that after the initial verbal exchange between Mr. Fuller and appellant, appellant told his friend Mr. Latta that he was going to leave the bar. Appellant argues that as a result of the verbal exchange which preceded the stabbing, the jury could have determined that he was the aggressor; and, if so, appellant's communication that he was leaving the bar consituted a "withdrawal from the altercation" which reinstated his right of self-defense—even though he was the original aggressor.

■ Appellant's argument fails because words alone do not transform the speaker into an aggressor. *See* Commission Comment to OUJI–CR–749 (1981). *See also Ruth v. State,* 581 P.2d 919 (Okl. Cr.1978); *Jamison v. State,* 304 P.2d 371, 372 (Okl.Cr.1956). Because the evidence of the verbal exchange between Fuller and appellant could not have rendered appellant an aggressor, and, as a non-aggressor, appellant did not lose his right of self-defense, the evidence in this case simply did not support an instruction concerning the *reestablishment* of the defense of self-defense. Accordingly, there was no error in failing to submit such instructions to the jury. The self-defense instructions administered fairly and accurately stated the applicable law, and appellant's third assignment of error is thus denied.

■ Appellant next contends that the trial court erred in allowing the improper impeachment of a defense witness concerning his current residency in the Tulsa County jail. During cross-examination by the State, the prosecutor elicited from witness Sidney Blunt the fact that Blunt was presently residing on the eighth floor of the Tulsa County Jailhouse. The State then commented on this testimony during its closing argument. However, because appellant failed to object in either instance, our review is limited to one for fundamental error. *Garcia v. State,* 734 P.2d 820 (Okl.Cr.1987).

■ Before the enactment of the Oklahoma Evidence Code, 12 O.S.1981, §§ 2101–3103, the general rule was that mere accusations of criminal activity, or of an arrest or charges not amounting to convictions, are not available to the State for impeachment purposes. *Smith v. State,* 581 P.2d 467 (Okl.Cr.1978); *Brown v. State,* 487

P.2d 963 (Okl.Cr.1971). Inquiring into a witness's arrest history was considered improper impeachment because not every arrest results in a conviction. *Hipp v. Tulsa*, 692 P.2d 566, 567 (Okl.Cr.1984). Despite the enactment of section 2608(B)(1) of the evidence code, this Court has continued to adhere to this rule. *See Porter v. State*, 706 P.2d 540 (Okl.Cr.1985).

Under section 2608(B)(1), specific instances of a witness's conduct other than conviction of a crime may be inquired into during cross-examination, as long as such evidence meets certain specified requirements. Although this section sanctions inquiry into certain specific instances of a witness's conduct other than conviction of a crime—and an arrest is something other than a conviction—we nonetheless find that arrest evidence remains inadmissible. *See, e.g., United States v. Dennis*, 625 F.2d 782, 798 (8th Cir.1980). First, an arrest is not a "specific instance of conduct," but is simply the result of public accusation. *See 2 Wharton's Criminal Evidence* § 442 (14th ed. 1986). Second, before the enactment of the evidence code and section 2608(B)(1), this Court consistently held that a witness's prior arrests are *totally* inadmissible. And third, we believe that the probative value of this type of evidence is substantially outweighed by the danger of unfair prejudice. *See* 12 O.S.1981, § 2403.[1]

■ While the prosecutor in the instant case did not specifically mention witness Blunt's prior arrest, his question about Blunt's residence was designed to elicit a response which clearly informed the jury of it. However, in light of the overwhelming evidence of appellant's guilt, and the fact that he received close to the minimum sentence allowed by statute, we cannot say that this error was so prejudicial as to warrant reversal or modification. *See Hill v. State*, 560 P.2d 213 (Okl.Cr.1977). Ac-

cordingly, this assignment of error is denied.

■ In his final assignment of error, appellant asserts that because he is an indigent, his sentence should be modified to exclude the imposed assessment to the victim's compensation fund. A victim's compensation assessment of one thousand dollars was imposed in accordance with 21 O.S.1981, § 142.18. The assessment was well within the statutory limit, and furthermore it is not to be paid until the appellant has been released from incarceration. Appellant's ability to pay this assessment must be reviewed at the time such assessment is due. Therefore, this issue has been prematurely raised. *Armstrong v. State*, 742 P.2d 565 (Okl.Cr.1987); *Jones v. State*, 682 P.2d 757 (Okl.Cr.1984).

Finding no errors warranting modification or reversal, judgment and sentence is AFFIRMED.

PARKS, J., concurs.

BUSSEY, J., concurs in Result.

---

1. While we now make clear that cross-examination regarding arrests which have not culminated in convictions is precluded, we also agree that "Rule [2608(b)] would permit inquiry into the *specific acts* that may have led to the arrest if those acts related to *crimen falsi, e.g.,* perjury, subornation of perjury, false statement, embezzlement, false pretenses." *United States v. Den-*

*nis,* 625 F.2d 782, 798 (8th Cir.1980). *See also Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). Whether evidence of a witness's prior arrest may be admissible in cases where it is offered to show bias, we do not now determine. *See United States v. Abel,* 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984).