**David Wayne WALTERS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–88–0643.**

Court of Criminal Appeals of Oklahoma.

Jan. 11, 1993.

Rehearing Denied April 6, 1993.

**22**

Thomas E. Salisbury, Asst. Appellate Public Defender, Norman, for appellant.

Susan Brimer Loving, Atty. Gen., Thomas C. Riesen, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

David Wayne Walters, Appellant, was tried by jury and convicted of the crime Injury to Minor Child After Former Conviction (21 O.S.1981, § 843) is Tulsa County District Court, Case No. CRF–87–4021. The jury set punishment at twenty-five (25) years imprisonment. The trial court sentenced in accord with this recommendation and added an assessment of $10,000 to the Victim's Compensation Fund. Appellant raises three challenges to the trial court's evidentiary rulings, two challenges to the jury instructions, and two challenges to the Victim's Compensation assessment. Challenging the constitutionality of the Victim's Compensation assessment, Appellant raises an issue of first impression. He argues the assessment is unconstitutional because he did not have notice of it or the opportunity to be heard. We affirm judgment. However, we affirm in part and reverse in part the sentence. We remand the Crime Victims Compensation assessment for proper hearing, for the trial court did not consider all of the factors which are mandated by statute when he imposed the assessment.

This case arises out of an incident in which two year old A.S. had her arm broken and skull fractured. The severe injuries A.S. sustained are undisputed; the only disputed issue at trial was who injured her. The State presented evidence to prove it was the appellant, the defense put on evidence to prove it was her mother, Karen Conway.

Appellant babysat A.S. while his live-in girlfriend, Karen Conway, went out to lunch with his step-mother and shopped for cars. About an hour and a half later Conway returned. A.S. was crying; her face was pale and swollen. Conway took A.S. to St. Francis Hospital where it was determined she had multiple bruises, a broken arm and a fractured skull. X-rays revealed a healing fracture of the left leg and possibly a healing fracture of the collar bone. Physical examination revealed A.S. had multiple old and new bruises as well as two old cigarette burns on her feet. Appellant accompanied Conway part way to the hospital, then got out of the car.

Conway testified the appellant told her on two separate occasions that he was

"sorry he did it" and that he had "lost it". Two physicians testified that in their opinion A.S. was a victim of battered child syndrome. The defense presented several witnesses who testified Conway was physically abusive to A.S. Several defense witnesses also testified the appellant was "taking the rap" for Conway. The appellant himself testified Conway injured A.S., but that out of love for Conway he told police he did it.

■ Appellant first argues the trial court denied him the ability to develop his defense by excluding medical testimony regarding two healing broken bones which A.S. suffered at least a month prior to the injuries at issue in this case. These injuries occurred before the appellant knew Karen Conway or her daughter, A.S. The appellant was allowed to present testimony from two lay witnesses regarding the rough treatment A.S. received from her mother.

In order to be admissible, evidence must be relevant. 12 O.S.1981, § 2402. Relevant evidence is that which makes a material fact more or less probable than it would be without the evidence. 12 O.S.1981, § 2401. In the present case the identity of the person who injured A.S. on the date in question was not made more or less probable by the evidence of previous injuries. Had A.S. not been in the sole care of the appellant at the time of the injuries, evidence tending to show the injuries someone else gave her in the past may well have been relevant. However, under the facts of this case the previous injuries were properly excluded by the trial court on the basis of relevance.

■ Appellant next contends the trial court erred by allowing evidence of other crimes, specifically, that the appellant had lost his temper with his ex-wife and hit her. This evidence was initially admitted by a defense character witness during cross-examination by the State. Appellant's mother testified he had babysat for his nieces and nephews and never hurt them. On cross-examination the prosecutor asked her if the appellant had a temper. She responded:

"I have never seen David strike anybody but his ex-wife and she would get right up in his face and she even said herself— she called you and told you that she— you know, agitated it and just made him do it." (Tr. 366).

The defense made no objection to this statement. When the defendant testified in his own behalf, the State on cross-examination asked, over defense objection, if he had hit his ex-wife and he replied that he had.

■ When a criminal defendant puts his character at issue, as the appellant did here, the State may, on cross-examination or rebuttal introduce evidence of bad character. *Rhyne v. State*, 514 P.2d 407, 410 (Okl.Cr.1973); *Quilliams v. State*, 779 P.2d 990, 992 (Okl.Cr.1989). There is no error here.

■ Appellant argues the trial court should have given the jury a limiting instruction regarding the use of this information, even though defense counsel did not ask for one. Appellant attempts to place a burden on the trial court which simply does not exist. The trial court is under no obligation to give a limiting instruction unless the instruction is requested. *Drew v. State*, 771 P.2d 224, 230 (Okl.Cr.1989).

■ Appellant also challenges the admission of rebuttal evidence through the testimony of three witnesses. After Appellant testified that he heard Karen Conway spank A.S. when she put her to bed, the State, in rebuttal, asked Dr. Peter Beck whether the injuries A.S. sustained could happen while someone was putting her to bed. Dr. Beck testified responsively to this question. Appellant also had testified he did nothing wrong. In rebuttal his father testified the appellant told him that "he lost it" when he asked his son what happened to A.S. Georgie Conway, A.S.' grandmother, testified that before these injuries A.S. was not afraid of men, but she was afraid of men after she was injured. Conway testified A.S. was not, however, afraid of women. We find all of this rebuttal testimony was properly admitted to contradict evidence given by the appellant.

*See Salyers v. State*, 755 P.2d 97 (Okl.Cr. 1988).

■ Over defense objection the trial court instructed the jury on flight. Appellant argues the evidence was insufficient to warrant this instruction. The State counters that the fact that appellant got out of the car while A.S. was being taken to the hospital was evidence of flight. Appellant offered his own explanation of this action, stating he had tickets and warrants for his arrest outstanding and he knew if the police became involved these would be discovered. This evidence could be evidence of flight, that is it could raise the inference that impelled by a guilty conscience the appellant attempted to avoid arrest. Given the fact the appellant presented evidence to rebut the inference, the trial court properly gave the issue to the jury, the trier of fact. *See Alberty v. State*, 561 P.2d 519 (Okl.Cr. 1977); *Farrar v. State*, 505 P.2d 1355, 1360 (Okl.Cr.1973).

■ Appellant next raises an issue which arises out of the jury instruction on his former convictions. The State sought enhanced punishment under the Habitual Offender Act 21 O.S.Supp.1985, § 51, and the appellant admitted his former convictions when he testified. Therefore, the trial was not bifurcated, and the trial court properly instructed on the use of the former convictions for sentencing purposes. Within this instruction the trial court stated:

> To this second page the defendant has entered a plea of not guilty, however the defendant has admitted under oath of having been convicted of a prior felony offense.

The appellant argues that by this statement the trial court impliedly called him a liar. While the instruction could have been worded in such a way as to avoid this possible interpretation, we do not agree with appellant's conclusion. When we look to the instructions as a whole, we find the trial court instructed the jury that the appellant had entered a plea of not guilty which puts each material fact at issue for the jury to determine. In the instruction complained of, the trial court properly instructed the jury that the appellant's ad-mission of former conviction was conclusive. It was not necessary to repeat the fact the appellant had pled not guilty to the charge, since the trial court had already so instructed the jury. However, in context we find nothing in the instruction which would lead anyone to infer the trial court believed the appellant was lying.

■ Appellant next argues the victim's compensation fund assessment of $10,000 is unconstitutional for it violated his right to due process under the state and federal constitutions. Developing the constitutional argument, he claims he was not given notice and the right to be heard regarding this assessment. He also argues the trial court did not follow statutory procedure in making this assessment. *See* 21 O.S.1981, § 142.1 *et seq.* These are issues of first impression for this Court. Unfortunately, we are given no guidance by the State, for it ignores the constitutional and procedural issues raised.

The appellant appears to have confused the procedure by which a victim receives an award and the procedure by which persons convicted of criminally injurious conduct are ordered to pay into the Crime Victims Compensation Revolving Fund. In the first, which is restitutional in nature, the Crime Victims Compensation Board holds a hearing at which the victim's economic loss is to be proved by a preponderance of the evidence. 21 O.S.Supp.1984, § 142.5. In the second, which is penal in nature, the legislature has provided that the trial court *shall* impose a victim compensation assessment between $25.00 and $10,000.00 on any person convicted of a felony involving criminally injurious conduct. 21 O.S.Supp.1984, § 142.18(A). Appellant was assessed according to Section 142.18(A). This is an additional penalty for a special class of criminal offender.

■ Appellant does not argue he was denied the constitutional protection inherent in criminal prosecution, but rather that the sentencing procedure itself violated his right to due process. In the context of sentencing, the Due Process Clause requires standards sufficient to enable defendants to protect themselves from arbitrary

impositions of punishment. *See, Giaccio v. State of Pennsylvania*, 382 U.S. 399, 403, 86 S.Ct. 518, 521, 15 L.Ed.2d 447 (1966). We find the Crime Victims Compensation Act fulfills this requirement. The legislature has mandated that the trial court shall consider such factors as the severity of the crime, the prior criminal record, the ability of the defendant to pay, and the economic impact of the assessment on the defendant's dependents. The discretion of the trial court in setting the amount a crime victim's assessment is thus channeled.

Appellant challenges the fact he was not given notice of the possibility of a Crime Victims Compensation assessment, and that he had no opportunity to present evidence of A.S.'s past or future medical expenses. In support of this argument he cites three cases from the Florida Court of Appeals. We find these cases are not controlling for they interpret a Florida statute with an entirely different scope and purpose than Section 142.18.

▮ In the present case ample evidence was presented at trial as to the severity of the crime and Appellant's prior criminal record. However, no evidence was presented at trial or the sentencing hearing regarding appellant's ability to pay, or the economic impact of the assessment on the defendant's dependents. This is error, for it is the consideration of these four factors which satisfies the due process requirement that the assessment not be arbitrary. We cannot presume the statutorily required elements were considered where no evidence in the record addresses them. Therefore, we reverse the Crime Victims Compensation assessment of $10,000 and remand this matter to the trial court for a proper hearing in which each of the required factors is considered.

In his final proposition of error the appellant asserts the Victim's Compensation Fund assessment is excessive. He makes a two-pronged argument: that the assessment is arbitrary and that as an incarcerated indigent he is unable to pay.

Excessiveness of the Victims Compensation Assessment is an issue reviewable on appeal on two grounds. First is whether the trial court abused its discretion in considering the factors mandated by 21 O.S.Supp.1984, § 142.18. The second is whether the assessment shocks the conscience of the court. In the present case we have already determined the assessment is arbitrary for the mandated statutory factors were not considered. This has been remedied by remand.

▮ Excessiveness due to the appellant's current financial status, or present inability to pay the Victims Compensation assessment is not ripe for the Court's consideration until the time payment is due. This issue is well settled. *See McDonald v. State*, 764 P.2d 202, 206 (Okl.Cr.1988); *Armstrong v. State*, 742 P.2d 565 (Okl.Cr. 1987); *Jones v. State*, 682 P.2d 757 (Okl.Cr. 1984).

▮ This analysis should be understood to apply only to the victims compensation assessment, and not to fines. The legislature has not imposed factors for the trial court to consider when assessing a fine and this Court has imposed none. Therefore, the imposition of a fine is left simply to the sound discretion of the trial judge or jury to a part of the sentencing stage. Abuse of that discretion is of course subject to appellate review, but that review would not include the factors imposed by the Victims Compensation Act.

This discussion should also make clear the ability to pay the Victims Compensation assessment is a factor which often will be considered three times in rather different contexts. Initially, it must be considered by the trial court when the Crime Victims' Compensation assessment is imposed as part of the sentencing proceeding. On appellate review this Court may consider whether the evidence supports the trial courts' assessment if the issue of excessiveness is raised. At the time payment is due, excessiveness of the assessment is no longer an issue. Rather the issue becomes the current ability to pay the valid assessment.

We AFFIRM the judgment and sentence, except for the imposition of the Crime Victims Compensation assessment which is

REVERSED AND REMANDED to the trial court with instructions to conduct a complete hearing as contemplated by 21 O.S.Supp.1984, § 142.18(A).

BRETT and JOHNSON, JJ., concur.

LUMPKIN, V.P.J., concurs in result.