**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

————————————————

ELISEO CHEO LOPEZ,

      Petitioner-Appellant,

v.

MICHAEL GOVITZ, Captain,
Mangum Community Work Center,

      Respondent-Appellee.

No. 99-6319
(W.D. Okla.)
(D.Ct. No. 99-CV-57)

————————————————————

**ORDER AND JUDGMENT**[*]

————————————————

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

————————————————

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

      [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Eliseo Cheo Lopez appeals the district court's decision denying his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We granted Mr. Lopez's request for a certificate of appealability to reach the merits of his claim,[1] and now exercise our jurisdiction under 28 U.S.C. §§ 1291 and 2253.

A jury convicted Mr. Lopez of unlawful delivery of one pound of marijuana, and the trial court sentenced him to thirty-five years in prison. Mr. Lopez appealed the conviction raising grounds of insufficient evidence to support the conviction, prosecutorial misconduct, improper cross-examination and excessive sentence. The Oklahoma Court of Criminal Appeals summarily affirmed the conviction, holding sufficient evidence supported it, but modified the sentence to a term of ten years imprisonment based on trial errors involving prosecutorial misconduct, improper cross-examination, and excessive sentence.

In his federal habeas petition, Mr. Lopez raised only his insufficient evidence claim. The federal district court referred Mr. Lopez's petition to a magistrate judge who recommended denying the petition based on a finding sufficient evidence supported the conviction. In reaching this conclusion, the

_____

[1] In granting the certificate of appealability on the issue of the sufficiency of the evidence, we also requested the State file a response brief.

-2-

magistrate judge relied on the testimony of an off-duty police officer, Captain Tim Murphy. According to Captain Murphy, who observed the events leading to Mr. Lopez's arrest, Mr. Lopez parked his truck beside a blue car in front of a convenience store. The driver of the blue car, Mr. Prentise, approached Mr. Lopez, who remained seated in his truck. After a brief conversation, which Captain Murphy could not hear, Mr. Lopez exited his vehicle and again briefly spoke with Mr. Prentise. Mr. Lopez next reached into his truck, removed a yellow cigar box, opened the rear passenger-side door of Mr. Prentise's car, and set the box inside. Mr. Lopez then got in his truck and again briefly spoke with Mr. Prentise. Captain Murphy then observed Mr. Prentise hand Mr. Lopez something before Mr. Lopez drove away without ever entering the convenience store to make a purchase. Shortly thereafter, an individual exited the store and got into Mr. Prentise's front passenger seat. Mr. Prentise then drove out of the parking lot. Captain Murphy radioed the police department with his observations and followed Mr. Prentise for a short distance before an on-duty policeman, Officer Randy Howland, took over following the vehicle.

The magistrate judge next recounted the testimony of Officer Howland, who stated he followed Mr. Prentise for several blocks and never saw Mr. Prentise or his passenter reach into the back seat. After stopping the vehicle and

-3-

receiving permission to search it, Officer Howland discovered the cigar box in the "cargo net" behind the front passenger seat. The box contained a bag filled with marijuana. Mr. Lopez's fingerprint was discovered on the cigar box.

The magistrate judge also briefly discussed Mr. Prentise's testimony that Mr. Lopez gave him an empty cigar box, and Mr. Prentise placed the marijuana in the box after he drove away from the store. However, the magistrate judge noted the sum of Mr. Prentise's testimony conflicted with his own previous statements[2] as well as Captain Murphy's testimony. Based on Mr. Prentice's and Mr. Lopez's movements, the magistrate judge determined the jury could reasonably conclude Mr. Lopez transferred marijuana to Mr. Prentise, and therefore, sufficient evidence existed to find him guilty. After reviewing Mr. Lopez's objections thereto, the district court adopted the Report and Recommendation in its entirety and denied the petition, noting that even if it disregarded the inconsistencies in the testimony, sufficient evidence supported the conviction.

On appeal, Mr. Lopez raises the same insufficient evidence claim, pointing

_____

[2] Immediately after his arrest, Mr. Prentise told the police he did not know Mr. Lopez, but admitted at trial he did know him. When asked why he initially lied, Mr. Prentise stated he was scared because he possessed the marijuana. However, Mr. Prentise always maintained Mr. Lopez had nothing to do with the marijuana.

to seemingly exculpatory evidence. In support, he first relies on portions of Mr. Prentise's testimony. Mr. Prentise testified he approached Mr. Lopez and asked him for a sack or container. After Mr. Lopez stated he did not have a container, Mr. Prentise noticed the cigar box in Mr. Lopez's truck and asked for it instead. Mr. Lopez obliged and threw the cigar box on Mr. Prentise's back seat. Mr. Prentise also testified he received peanut brittle from Mr. Lopez and handed back the uneaten portion to Mr. Lopez, which purportedly explains the "exchange" Captain Murphy witnessed at the conclusion of their conversation. Mr. Prentise then testified he left the store and at the first stop sign, reached back, grabbed the box, and placed his bag of marijuana in the box. When the box would not fit under the driver's seat, Mr. Prentise stated he put the box into the "cargo net" behind the passenger seat.

In addition to Mr. Prentise's testimony, Mr. Lopez points to his own inculpatory testimony at trial providing seemingly innocent explanations for his conduct. For instance, he states he eventually left the store without making a purchase because he had stopped to buy gas, and on exiting the vehicle to pre-pay for the gas he realized he forgot his wallet.[3] Mr. Lopez also testified he

---

[3] Mr. Lopez testified he played football with his seven-year-old son earlier in the day and at that time, took the wallet and change out of the pocket on his sweat pants because it lacked a zipper.

recognized Mr. Prentise, conversed with him, and gave him the empty cigar box when he asked for it. Mr. Lopez next points out Captain Murphy testified he did not hear their conversations, saw Mr. Prentise eating candy (which explains the "exchange"), and did not see anything protruding from the cigar box when Mr. Lopez set it in Mr. Prentise's car. Mr. Lopez also notes Officer Howland testified he started surveillance of Mr. Prentise's vehicle from a distance of at least two or two and one half blocks away, and admitted it was difficult to see what actions the passenger took in the vehicle. Finally, Mr. Lopez points out the state did not present any evidence concerning fingerprints on the marijuana bag.

In order for us to proceed to the merits of his appeal, Mr. Lopez must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253. In an attempt to do so, Mr. Lopez sought a certificate of appealability, contending insufficient evidence supported his conviction. In an earlier order, we determined Mr. Lopez sufficiently raised a claim of a denial of due process under the Fourteenth Amendment, which guarantees no person shall suffer a criminal conviction except on sufficient proof. *See Jackson v. Virginia*, 443 U.S. 307, 316 (1979). Because we determined Mr. Lopez made the necessary showing to warrant our granting him a certificate of appealability, we now review the merits of his appeal.

We begin with our standard of review. Mr. Lopez's sufficiency of the evidence claim presents a mixed question of fact and law which we review *de novo*. *See Maes v. Thomas*, 46 F.3d 979, 988 (10th Cir.), *cert. denied*, 514 U.S. 1115 (1995). However, in this instance our review is sharply limited. *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996). We must ask "'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson*, 443 U.S. at 319); *see also Carolina v. State*, 839 P.2d 663, 664 (Okla. Crim. App. 1992). Under this standard, we may not weigh conflicting evidence nor consider the credibility of witnesses. *See Messer*, 74 F.3d at 1013. Instead, we must accept the jury's resolution of the evidence as long as it is within the bounds of reason. *Id.*

> We may not grant habeas relief unless the state court's decision was: "(1) ... contrary to, or involved an unreasonable application of, clearly established federal law ...; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence that was presented in the state court proceeding."

*Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1), (2)), *cert. denied,* 120 S. Ct. 944 (2000).

Under our standard of review, we look to Oklahoma law to determine the substantive elements of the crime and proof required. *See Jackson*, 443 U.S. at

-7-

324 n.16. The jury convicted Mr. Lopez of unlawful delivery of marijuana in violation of Okla. Stat. tit. 63, § 2-401 (1991). In order to sustain a conviction under this statute, Oklahoma law requires the State to prove the knowing and intentional possession of the controlled substance. *Carolina*, 839 P.2d at 664-65. "Circumstantial proof of knowing and intentional possession requires that guilt be determined through a series of inferences." *Id.* at 665. Because Mr. Lopez did not have exclusive access, use, or possession of the car where the drugs were found, constructive possession may be proven if additional independent factors exist which show his knowledge and control of the drugs. *Id.* "Such independent factors may include incriminating conduct by the accused or other circumstances from which possession may be fairly inferred." *Id.*

Keeping these rigorous standards in mind, we have conducted a *de novo* review of the record, including the transcript of Mr. Lopez's trial. The jury obviously credited the testimony of Captain Murphy and Officer Howland and discredited the testimony of Mr. Lopez and Mr. Prentise. In so doing, the jury apparently resolved any conflicting evidence in favor of the prosecution. Relying solely on the evidence presented by the prosecution and fully crediting the testimony of Captain Murphy, Officer Howland, and the prosecution's other witnesses, we find sufficient evidence to support the verdict.

We begin by viewing the evidence in the light most favorable to the prosecution. First, certain inferences arise from Mr. Prentise and Mr. Lopez parking beside each other and talking, Mr. Lopez transferring the cigar box, Mr. Prentise handing Mr. Lopez "something," and both individuals driving away following this alleged exchange. While these inferences alone might seem like innocent activity, together with other circumstantial evidence they tend to show Mr. Lopez's knowledge and possession of the marijuana at issue. The most compelling circumstantial evidence stems from the marijuana being found in the very cigar box Mr. Lopez set in the back seat area of Mr. Prentise's car. While admittedly Mr. Lopez did not have exclusive possession of either the car or box during a short intervening period, both Captain Murphy and Officer Howland testified they did not see either Mr. Prentise or his passenger reach into the back seat of the vehicle. Because police found the cigar box in the back seat cargo net and they did not see anyone in Mr. Prentise's vehicle reach back and handle it, this evidence is indeed inculpatory because Mr. Lopez was last seen placing the cigar box in the back seat area. In relying on this evidence, the jury apparently discounted Officer Howland's testimony he was just under two city blocks away when he saw the vehicle come to its first stop, and could not completely monitor the passenger's activities in the car. Keeping our standard of review in mind, we look to only the evidence most favorable to the prosecution, which in this case

centers on the fact the police did not see anyone else take possession or control of the cigar box later found to contain the marijuana. While we might have viewed the evidence differently, we cannot say it was unreasonable for the jury to find Mr. Lopez participated in a drug transaction and to reject Mr. Lopez's and Mr. Prentise's testimony attempting to explain their actions.

Admittedly, little direct evidence supports the jury's verdict. Even if we view the evidence in the light most favorable to the prosecution, the fact the cigar box contained Mr. Lopez's fingerprint does not establish he put the marijuana in the box as he clearly handled the box when he set it in the back of the vehicle. Moreover, the State misstates the evidence when it claims the cigar box did not contain either Mr. Prentise's or his passenger's fingerprints. Rather, the State's fingerprint expert testified she lacked sufficient rolled fingerprints of either Mr. Prentise or his passenger to determine if the cigar box contained their fingerprints.[4] Nevertheless, direct evidence is not necessary under Oklahoma law

---

[4] Of the fourteen latent fingerprints lifted from the box, authorities sent only three prints to Ms. Hart, a latent fingerprint examiner. Ms. Hart testified she could identify one fingerprint as Mr. Lopez's, but could not confirm whether the other two fingerprints belonged to Mr. Prentise or his passenger because the fingerprints taken from them and submitted to her for comparison were not "rolled." Although she requested additional, rolled fingerprints of Mr. Prentise and his passenger, authorities never provided them nor the other eleven lifted fingerprints. In addition, no one attempted to lift any latent prints from the bag of marijuana to ascertain whether either Mr. Lopez's, Mr. Prentise's, or his passenger's prints appeared.

-10-

to prove knowledge, possession, or control of the marijuana. *See Carolina*, 839 P.2d at 665. In this case, we believe the inferences and circumstantial evidence already discussed support the jury's conviction, when reviewing the evidence in the light most favorable to the prosecution.[5]

As to the Oklahoma Court of Criminal Appeals' summary decision, nothing in it provides us with any guidance on what that court considered to be sufficient evidence to support the conviction.[6] We nevertheless acknowledge that under the

---

[5] Having concluded sufficient evidence supports Mr. Lopez's conviction, we nevertheless feel compelled to discuss the magistrate judge's determinations as to the inconsistencies in the witnesses' testimony. In finding sufficient evidence existed to uphold Mr. Lopez's conviction, the magistrate judge focused on an inconsistency between Mr. Prentice's and Mr. Lopez's testimony concerning the peanut brittle. The magistrate judge noted their testimony differed as to whether Mr. Lopez gave Mr. Prentise a "piece" of peanut brittle or Mr. Prentise took a "bite" of peanut brittle, before returning it to Mr. Lopez. The State likewise directs us to this inconsistency. We find this inconsistency inconclusive because the issue of whether a "bite" includes taking a "piece" of peanut brittle is not material, but more of a matter of semantics. In addition, we note the magistrate judge found Mr. Prentise's testimony that the cigar box was empty when he received it conflicted with Captain Murphy's testimony. We disagree. Captain Murphy merely testified he did not see what, if anything, the cigar box contained. While we do not agree with the magistrate judge's evaluation of these inconsistencies, we find sufficient evidence existed for a conviction even without considering them. Moreover, we are mindful of our obligation not to weigh conflicting evidence or consider the credibility of the witnesses. *See Messer*, 74 F.3d at 1013.

[6] The Oklahoma Court of Criminal Appeals also summarily reduced Mr. Lopez's sentence on grounds of prosecutorial misconduct. However, because the issue of whether this conduct influenced the outcome of the trial is not before us on appeal, we will not

provisions of the Anti-Terrorism and Effective Death Penalty Act, we pay greater deference to the state court's factual findings and legal determinations. *See Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). Moreover, we recognize the Supreme Court has "been careful to limit the scope of federal intrusion into state criminal adjudications and to safeguard the States' interest in the integrity of their criminal proceedings." *Williams v. Taylor*, 120 S. Ct. 1479, ____, 2000 WL 385364 at *10 (Apr. 18, 2000). Recognizing the deference afforded to state adjudications, the evidence in this case, together with the deference afforded the state courts, leads us to conclude sufficient evidence supports Mr. Lopez's verdict.

After reviewing the evidence in the light most favorable to the prosecution, we find any rational trier of fact could have found Mr. Lopez guilty beyond a reasonable doubt. In so concluding, we accept the jury's resolution of the evidence in the prosecution's favor because, in this case, it clearly does not fall outside the bounds of reason. Instead, this case involves a number of inferences and circumstantial evidence sufficient to establish the necessary link between Mr. Lopez and his knowledge or constructive possession of the marijuana, as required by Oklahoma law.

---

address it.

Based on our conclusion Mr. Lopez's conviction is constitutionally firm, we **AFFIRM** the district court's judgment upholding his conviction.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge